UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERMAN FREE STATE OF
BAVARIA, *et al.*,

        Plaintiffs,

v.

TOYOBO CO., LTD, *et al.*,

        Defendants.
_____/

Case No. 1:06-CV-407

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Defendant Mark Steven Pickett's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3) and (5). Defendant Pickett asserts dismissal of the action against him is proper for the reasons that the Court lacks subject matter jurisdiction, venue is improper, and due to insufficient process and improper service of process. The Motion has been fully and vigorously briefed and the Court discerns no reason for oral argument. W.D. MICH. LCIVR 7.2(d).

**I.    BACKGROUND**

This action was brought by Plaintiffs German Free State of Bavaria ("Bavaria") and German Free State of North Rhine-Westphalia ("NRW") (collectively "Plaintiffs") against Defendants Toyobo Co. Ltd. ("Toyobo Japan"), Toyobo America, Inc. ("Toyobo America"), Mark Steven Pickett, and Thomas Edgar Bachner, Jr.[1] to recover damages arising out of the sale of defective bulletproof vests to Plaintiffs by Second Chance Body Armor, Inc. ("SCBA") and its wholly owned subsidiary Second Chance Body Armor GmbH ("SCBA Germany"). Plaintiffs allege thirteen

---

[1] Defendant Thomas Edgar Bachner, Jr. was improperly named in the Complaint as Thomas Edward Bachner, Jr.

different Counts against Defendants in their Amended Complaint including: innocent, negligent, and intentional misrepresentation; conspiracy; aiding and abetting in misrepresentations; breach of fiduciary duties; aiding and abetting in the breach of fiduciary duties; violation of Racketeering Influenced and Corrupt Organizations ("RICO"), 18 U.S.C. § 1962; violations of the Michigan Consumer Protection Act; breach of warranties; violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq*.;  violations of Michigan's Uniform Commercial Code; and exemplary damages. (Am. Compl. ¶¶ 105-48.)

Plaintiffs' action arises from the allegation that Defendants Toyobo Japan and Toyobo America conspired and colluded with SCBA, SCBA Germany, and their employees Defendants Mark Steven Pickett and Thomas Edgar Bachner, Jr. to intentionally or negligently misrepresent facts and induce Plaintiffs to purchase approximately 60,000 defective bulletproof vests from SCBA Germany, notably during meetings in this district or through correspondence.

## II. LEGAL STANDARDS

A. Lack of Subject Matter Jurisdiction

The Sixth Circuit has recognized two types of Rule 12(b)(1) motions: (1) a facial attack which challenges the sufficiency of the plaintiff's factual allegations, where all well-pled factual allegations in the complaint are taken as true; and (2) a factual attack which challenges the actual fact of subject-matter jurisdiction and is analyzed under Rule 56 summary judgment standards. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  Further, it is the plaintiff's burden to demonstrate that the court has jurisdiction over the subject matter. *RMI Titanium Co. v. Westinghouse Elec. Corp*., 78 F.3d 1125, 1134 (6th Cir. 1996).

B.	Sufficiency of Process[2]

Federal Rule of Civil Procedure 12(b)(5) allows dismissal due to insufficiency of service of process. Due Process requires service of process in order to obtain in personam jurisdiction over an individual defendant. *See Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976). A plaintiff bears the burden of perfecting service of process and showing that proper service was made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Federal Rule of Civil Procedure 4(e)(2) sets forth how to effect service upon an individual within a judicial district of the United States, stating:

> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein
> . . .

FED. R. CIV. P. 4(e)(2). Rule 4(c)(1) states that both the summons and the complaint shall be served together and that the plaintiff is responsible for service within the time allowed and shall furnish the necessary copies of the complaint and summons upon defendant.

## III.	ANALYSIS

A.	Subject Matter Jurisdiction

Defendant Pickett asserts this Court lacks subject matter jurisdiction over the action because of the lack of complete diversity; Plaintiffs are German states and Defendant, Toyobo Co., Ltd. is a Japanese company. Defendant Pickett argues because both Plaintiffs and a Defendant are foreign states or citizens, complete diversity is lost. Federal district courts have original jurisdiction "of all

---

[2]The Court notes Defendant Pickett has moved to dismiss the action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). However, Defendant has failed to address lack of personal jurisdiction except as an effect of the Court determining a lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) due to insufficiency of process and/or insufficiency of service of process. Therefore, the Court will not address Rule 12(b)(2).

civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. Federal district courts also have jurisdiction over civil actions in which the sum in controversy exceeds $75,000, exclusive of interest and costs and is between:

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state . . . as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). Therefore, Section 1332 "confers federal jurisdiction only if complete diversity of citizenship exists, such that no party has the same citizenship as any opposing party." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001) (citation omitted). Defendant Pickett argues the Court lacks jurisdiction pursuant to Section 1332(a)(4) because Plaintiffs are foreign states and a Defendant is a foreign citizen and therefore Plaintiffs share the same citizenship as an opposing party. Defendant Pickett relies upon *Ruhrgas AG v. Marathon Oil*, 526 U.S. 574, 580 n.2 (1999), in which the Supreme Court made clear that complete diversity was lacking where there was a foreign corporation defendant, and a foreign corporation plaintiff. The Court agrees that diversity jurisdiction is lacking in this case where Plaintiffs and a Defendant share foreign citizenship.

Plaintiffs advance several theories of subject matter jurisdiction; however, the Court only addresses the first, that Plaintiffs have "federal question" subject matter jurisdiction under 28 U.S.C. § 1331, as it obviates the need to address the others. In determining whether a case involves a federal question, the Court must observe the well-pled complaint rule, in which "federal jurisdiction exists only when a federal question is presented on the fact of plaintiff's properly pleaded

complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).  Upon review it is clear that Plaintiffs' Amended Complaint added two federal questions to their action, alleging violations of Racketeering Influenced and Corrupt Organizations, 18 U.S.C. § 1962 and Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. (Am. Compl. ¶ 14.)  As a result, subject matter jurisdiction over the federal claims is proper and supplemental jurisdiction over the state law claims is also proper.[3]

B.      Improper Service of Process; Lack of Personal Jurisdiction

Defendant Pickett alleges that service of process was ineffective and also that service was insufficient as the complaint was not included with the summons.  Federal Rule of Civil Procedure 4(e)(1) allows service to be made in accordance with the manner provided by state law, here Michigan.  Michigan Court Rule 2.105 states that service can be made on a resident by delivering the summons and a copy of the complaint to the defendant personally or by sending a summons and a copy of the complaint by registered or certified mail return receipt requested.  MCR 2.105(A).  In the instant case, service of process was attempted not upon Defendant Pickett but upon his wife, as a person of suitable age and discretion residing in Defendant's house in accordance with Federal Rule of Civil Procedure 4(e)(2).

Defendant Pickett argues because the papers were not left with Sarah Pickett but rather left wedged within a door, service was not complete and not proper under Rule 4(e)(2).  Plaintiffs argue

---

[3]The Court notes Defendant Pickett argues in his Motion that federal question jurisdiction is inapplicable because Plaintiffs' federal claims are without merit.  This issue is best examined in the context of a motion to dismiss for failure to state a claim, under Rule 12(b)(6), which Defendants have all filed.  Therefore, as all Defendants have moved separately under this rule, the Court reserves judgment on this issue and will address it in the context of the appropriate motions.

that service of process was proper because Sarah Pickett was attempting to evade service of process and in-hand delivery is not required. After review of the competing affidavits of Defendant Pickett's wife, Sarah Pickett, and the process server, Rick Robbins, these basic facts are not in dispute: Robbins initially came to the Pickett's residence and asked for Defendant Pickett, Sarah Pickett informed Robbins Defendant Pickett was not at home, Robbins gave Sarah Pickett his business card with instructions for Defendant Pickett to call him and left the premises. Robbins then returned to the house to serve the papers on Defendant's wife and knocked on the door which she did not answer. He then left the papers, at a neighbor's direction, wedged in the door. At dispute is whether Sarah Pickett was aware Robbins was attempting to serve her husband. Sarah Pickett attests that Robbins did not inform her of his reason for coming to her door, Robbins claims he explained that he was attempting to serve her husband. (*See* Pickett Aff. ¶¶ 4-18 & Robbins Aff. ¶¶ 4-9.)

In reviewing relevant case law, the Court finds there is adequate case law to support a finding that service is proper when a *defendant* attempts to evade service of process and the papers are left within his control but not in his hand. *See Hanna v. Plumer*, 380 U.S. 460 (1965) (in-hand delivery is not required for personal service of process); *Roth v. WT Cowan, Inc.*, 97 F. Supp. 675, 676-77 (E.D.N.Y. 1951) (service sufficient when papers left on seat of defendant's vehicle); *Errion v. Connell*, 236 F.2d 447, 457 (9th Cir. 1956) (papers pushed through a hole in a screen door when defendant was hiding inside). However, the instant case does not involve a defendant evading process; rather Plaintiffs claim the person of suitable age or discretion was trying to evade process. Plaintiffs argue *Rovinski v. Rowe*, 131 F.2d 687, 689 (6th Cir. 1942), evidences the Sixth Circuit's intent that the service of process under Rule 4 should be liberally construed. However, at issue in *Rovinski* was the meaning of the phrase "ususal place of abode" insofar as where service must be

made. "The Sixth Circuit and other circuits have held that service of summons and complaint must meet constitutional due process and the requirements of the federal rules in order for jurisdiction to exist over defendant." *See Mason v. Star Bank*, 1994 Bankr. LEXIS 1394 (N.D. Ohio 1994), citing: *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991) (no valid service of process on defendant with actual knowledge of lawsuit absent return of acknowledgment); *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 492 (3d Cir. 1993); *Mid-Continent Woods Prods., Inc. v. Harris*, 936 F.2d 297 (7th Cir. 1991) ("a defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements."); *Farr v. Spatial Technology*, 152 F.R.D. 113 (S.D. Ohio 1993) (service was ineffective despite actual notice because service was not pursuant to Ohio law).

In this case, Plaintiffs argue Defendant's wife was attempting to evade process on behalf of her husband. Plaintiffs have provided no relevant case law from this circuit or elsewhere that addresses the issue or repercussions of whether a non-defendant can wilfully evade service of process under Rule 4(e). Further, the Court finds that implicit in finding a *defendant* wilfully evading service of process, the defendant must be aware service of process is being attempted. Here, the person who was 'evading' process was not the defendant and, according to her affidavit, did not have knowledge that Robbins was attempting to serve her husband. Robbins attests that he informed Sarah Pickett he was at the home to effect service on her husband. This claim rings false, especially in light of the usual practices of process servers. Further, even assuming it to be true, the notice was not effective as it required Sarah Pickett to open her door at a later time, at night, to a stranger for an unknown purpose. Her conduct in this regard was not, as a matter of law, an evasion of service.

To the extent Plaintiffs argue service was proper because it did not need to be "in hand" delivery, the argument also fails for the same reasons stated above. The Court cannot find that

leaving papers wedged in the door of Defendant's home when someone does not answer the door constitutes proper service under Rule 4.  Therefore, the Court finds where the papers where not given to someone of suitable age or discretion, service was not properly effected under Rule 4, and dismissal is appropriate pursuant to Rule 12(b)(5).[4]

**IV.    CONCLUSION**

Therefore, the Court finds that although the Court has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1331, the action against Defendant Mark Steven Pickett shall be dismissed without prejudice pursuant to Rule 12(b)(5) where service of process was insufficient.  A Partial Judgment consistent with this Opinion shall issue.

DATED in Kalamazoo, MI:
     March 20, 2007

 /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] As the Court has determined service of process was insufficient, it does not need to determine whether service itself was proper.  Further, the issue of venue also was not reached where the action against Defendant Pickett will be dismissed pursuant to Rule 12(b)(5).