UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERMAN FREE STATE OF
BAVARIA, *et al.*,

        Plaintiffs,

v.

TOYOBO CO., LTD, *et al.*,

        Defendants.                    /

Case No. 1:06-CV-407

Hon. Richard Alan Enslen

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Partial Reconsideration of Court's Opinion and Partial Judgment on Defendant Pickett's Motion to Dismiss. Under Rule 7.4(a), Plaintiffs must demonstrate that the Court's Order suffers from a palpable defect, and must "also show that a different disposition of the case must result from a correction thereof." W.D. MICH. LCIVR 7.4(a).

This Court previously determined by Opinion and Partial Judgment that service of the Summons and Complaint on Defendant Pickett was defective and dismissed the claims against him without prejudice. Plaintiffs request the Court reconsider its decision and vacate portions of the Opinion and Partial Judgment, order that Plaintiffs effect service of the Summons and original and Amended Complaints on Defendant Pickett within an appropriate period of time, and also reissue a summons for Defendant Pickett. Federal Rule of Civil Procedure 4(m) provides:

> if proper service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Plaintiffs assert they have shown good cause for their failure to effect service upon Defendant Pickett and, therefore, the rule mandates that they be allowed an extension of time to effect service or in the alternative, even without good cause there are compelling reasons to allow Plaintiffs to re-serve Defendant Pickett.

In *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005), the Sixth Circuit Court of Appeals held the standard under Rule 4(m) is excusable neglect and "neglect exists where the failure to do something occurred because of a simple faultless omission to act, or because of a party's carelessness." *Id*. "Whether neglect was 'excusable' is an equitable determination based on consideration of all relevant circumstance." *Morgan v. Gandalf, Ltd.*, 165 Fed. App. 425, 428 (6th Cir. 2006) (unpublished case) (citing *Turner*, 412 F.3d at 650.). The Court notes the Supreme Court has interpreted Rule 4(m), in dicta, to "permit[] a district court to enlarge the time for service 'even if there is no good cause shown'" *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996) (quoting Fed. R. Civ. P. 4(m) advisory committee notes.)

Plaintiffs assert it was excusable neglect to believe service was proper when service was left in the door of Defendant Pickett's house while his wife was inside. Plaintiffs further argue that because there is some question as to what "leaving copies thereof . . . with some person . . ." entails, their mistake is one of excusable neglect. *See* FED. R. CIV. P. 4(e)(2). Further, Plaintiffs have pursued this relief based on their belief some or all of the actions against Defendant Pickett may be barred by applicable statute of limitations if they are forced to refile. After review, the Court agrees that Plaintiffs have shown improper service was due to excusable neglect, or more accurately "a party's carelessness." *Turner*, 412 F.3d at 650. As a result, the Court is mandated by Rule 4(m) to extend the time for service for an appropriate period of time. The Court also notes the advisory

committee notes to Rule 4(m) state, "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . ." Fed. R. Civ. P. 4(m). This coupled with other relevant factors, such as length of the delay and the good faith of Plaintiffs, weigh in favor of allowing an extension. *See Turner*, 412 F.3d at 650. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Reconsideration of Court's Opinion and Partial Judgment on Defendant Pickett's Motion to Dismiss (Dkt. No. 112) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Opinion and Partial Judgment dismissing Plaintiffs' claims against Defendant Mark Steven Pickett without prejudice (Dkt. Nos. 106, 107) are **AMENDED** to reflect Plaintiffs may effect service of the Summons and original and Amended Complaints upon Defendant Pickett within 60 days of the issue of this Order in accordance with Rule 4(m).

**IT IS FURTHER ORDERED** that a Summons for Defendant Mark Steven Pickett shall reissue.

DATED in Kalamazoo, MI:         /s/ Richard Alan Enslen
    June 1, 2007                RICHARD ALAN ENSLEN
                                SENIOR UNITED STATES DISTRICT JUDGE