UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERMAN FREE STATE OF
BAVARIA, *et al.*,

        Plaintiffs,

v.

TOYOBO CO., LTD, *et al.*,

        Defendants.        /

Case No. 1:06-CV-407

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Plaintiffs' Motion to Alter or Amend the Court's Judgment of April 13, 2007, which dismissed the claims against Defendant Toyobo Co., Ltd. ("Toyobo Japan") pursuant to *forum non conveniens*. Also before the Court are Plaintiffs' Motion for Reconsideration of Opinion and Partial Judgment Entered on Defendant Thomas Edgar Bachner's Motion to Dismiss and Motion to Amend First Amended Complaint.

I.    Procedural Posture

As an initial matter, the Court notes the odd procedural posture of Plaintiffs' Motion. Plaintiffs have previously filed multiple Motions for Reconsideration, pursuant to Local Rule 7.4.[1] Plaintiffs now request this Court construe their prior Motion for Reconsideration of Opinion and Partial Judgment entered on Defendant Bachner's Motion to Dismiss and their Motion to Amend the First Amended Complaint as Motions to Alter or Amend pursuant to Rule 59(e). *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) (holding "[w]here a party files a motion to

---

[1]Plaintiffs' Motions for Reconsideration regarding Defendants Pickett and Toyobo America, Inc. have been addressed by separate orders from this Court. As the Court granted the relief Plaintiffs sought, the Court finds it unnecessary and duplicative to address them yet again in this Motion.

reconsider a final order or judgment within ten days of entry, we will generally consider the motion to be brought pursuant to Rule 59(e)); *see also Jetero Constr. Co. v. South Memphis Lumber Co.*, 531 F.2d 1348, 1351 (6th Cir. 1975) (motion to alter or amend filed after opinion entered but before final judgment was properly considered by the district court, but it should not have considered the second motion to alter or amend made after the final judgment was entered as "a party should not be allowed to force a district court to consider for a third time arguments previously made.")

In the present situation, at the time Plaintiffs moved to Reconsider the Partial Dismissal of Defendant Bachner and sought to Amend their First Amended Complaint, there was not a "final judgment" entered by this Court which adjudicated all the claims against all parties. *See* FED. R. CIV. P. 54(b) (where there are multiple claims or parties in an action, "any order or other form of decision . . . which adjudicates fewer than all the claims . . . of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of the decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."). However, the Court had issued an Opinion indicating that upon stipulation of certain conditions, entry of such final judgment was imminent. (*See* Dkt. No. 108.) In light of these circumstances, the Court shall consider the Motion to Reconsider and Motion to Amend the First Amended Complaint as one properly brought post-judgment in conjunction with a Rule 59(e) Motion to Alter or Amend.[2]  *See Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir.

---

[2] The Court notes Plaintiffs filed a Notice of Appeal to the Sixth Circuit Court of Appeals on April 17, 2007, after filing their Motion for Reconsideration regarding Defendant Bachner and their Motion to Amend. Plaintiffs also filed a Notice of Appeal to the Sixth Circuit on May 11, 2007 after filing their Motion to Alter or Amend. In accordance with its letters of May 17 and May 22, 2007, the Sixth Circuit is holding the appeals in abeyance under Fed. R. App. P. 4(a)(4), as it was noted these Motions had yet to be decided. This Court retains jurisdiction to determine the pending Motion for Reconsideration, the Motion to Amend, and Motion to Alter or Amend,

2002) (holding a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rule of Civil Procedure.); *see also Benzon v. Morgan Stanley Distribs.*, 420 F.3d 598, 612 (6th Cir. 2005); *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 698-99 (6th Cir. 2004) (same). Further, the Court sees no reason and finds it improper to address the same arguments three times. *See Jetero*, 531 F.2d at 1351. Therefore, this Court shall address Plaintiffs' present Motion to Reconsider and Motion to Amend in conjunction with Plaintiffs' Motion to Alter or Amend.[3]

II.     Legal Standards

Under Rule 7.4(a), Plaintiffs must demonstrate that the Court's Order suffers from a palpable defect, and must "also show that a different disposition of the case must result from a correction thereof." W.D. MICH. LCIVR 7.4(a).

Rule 59(e) authorizes relief due to: (1) an intervening change in law; (2) previously unavailable evidence has become available; or (3) the correction of a clear error of law or prevention of manifest injustice. *See Gen. Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999) (citing cases); *GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999); *Keweenaw Bay Indian Cmty. v.*

---

and the notice of appeal is held in abeyance pending ruling. *Post v. Bradshaw*, 422 F.3d 419, 422 (6th Cir. 2005); *see also* FED. R. APP. P. 4(a)(4) advisory committee's notes to 1993 Amendment ("a notice of appeal filed before the disposition of a specified post-trial motion will become effective upon disposition of the motion.")

[3]The Court notes Plaintiffs have filed oversized briefs in support of their Motion to Amend their First Amended Complaint and the Motion to Alter or Amend. Upon notice from Defendants in their Response briefs that these Motions did not conform to the Local Rules, Plaintiffs sought leave from the Court to file the oversized briefs. Finding no prejudice, the Court will grant the request and has considered the oversized briefs.

*United States,* 940 F. Supp. 1139, 1141 (W.D. Mich. 1996). Plaintiffs' Motions concerns the third alternative–to prevent an error of law. Notwithstanding, the remedy is an extraordinary one, which is to be used sparingly. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). In this context, an unexcused failure to timely present evidence is not a proper basis for relief, *id.*, nor is the Rule to be used to simply re-argue judgments on grounds previously considered or used as a vehicle to present an argument he could and should have raised before the matter was adjudicated. *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see also Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (citing cases).

III.   Motion to Amend First Amended Complaint and Reconsider Defendant Bachner's Dismissal

"Where a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and Rule 59 inquiries turn on the same factors." *Morse*, 290 F.3d at 799 (citations omitted). Pursuant to Rule 15(a), where a party seeks leave to amend a complaint, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Denial may be appropriate, however, where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Morse*, 290 F.3d at 799 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiffs filed their Original Complaint on June 13, 2006. Plaintiffs filed the First Amended Complaint on October 16, 2006, after Defendants filed a multitude of Motions to Dismiss. Upon reconsideration, the Court allowed Plaintiffs to file the Amended Complaint without seeking leave. (*See* Dkt. No. 56.) Plaintiffs' First Amended Complaint added the following claims: RICO; Michigan Consumer Protection Act, Breach of Warranties (against Toyobo); Magnuson-Moss Warranty Act (against Toyobo); and UCC Fraud. Plaintiffs also alleged the RICO

and Magnuson-Moss Warranty Act claims provided federal question jurisdiction. Plaintiffs now assert that their proposed Second Amended Complaint is made without undue delay and is not futile because it "addresses and corrects each deficiency the Court found in plaintiffs' original RICO claims" and the common law fraud and negligent misrepresentation claims as to Defendants Bachner and Pickett. (Mot. to Amend at 12.)

After careful review of the Proposed Second Amended Complaint and the equities present, the Court has determined good cause exists to grant Plaintiffs' request so that it may amend its Complaint.[4] FED. R. CIV. P. 59(e). As Plaintiffs' proposed Second Amended Complaint has ostensibly cured its insufficiently stated RICO, common law fraud and negligent misrepresentation claims and pursuant to the liberality afforded under Rule 15(a), Plaintiffs shall be allowed to file a Second Amended Complaint. FED. R. CIV. P. 15(a). However, the Court finds the Second Amended Complaint is futile as it relates to both Toyobo America, previously dismissed for lack of personal jurisdiction, and Toyobo Japan, previously dismissed on the basis of *forum non conveniens*. Plaintiffs' Second Amended Complaint does not add or change any facts or claims which would influence the Court's prior determinations as to these parties. Further, Plaintiffs' Second Amended Complaint does not add or change any facts which impact the Court's determinations regarding Plaintiffs' failure to state these claims as to Defendant Bachner: Michigan Consumer Protection Act

---

[4]The Court recommends that Rule 16 deadlines be set to expedite this matter as the Court remains dubious as to the merits of the claims asserted.

(Count IX), UCC Fraud (Count XII), and Exemplary Damages (Count XIII).[5]  As a result, these determinations remain unchanged.[6]

Further, Plaintiffs' Second Amended Complaint advances their RICO claim in part based on a violation of the Travel Act, 18 U.S.C. § 1952(a).  After a cursory review of the statute, it is patently obvious that the Second Amended Complaint fails to state an actionable claim under the Travel Act.  To state a valid claim under the Travel Act, one must plead: "(1) that the defendant travels in interstate or foreign commerce; (2) with the intent to . . . promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, or any unlawful activity; and (3) that the defendant thereafter performs or attempts to perform an act of promotion, management, establishment, or carrying on of any unlawful activity."  *Unites States v. Burns*, 298 F.3d 523, 537-38 (6th Cir. 2002) (internal citations omitted).  The Travel Act defines "unlawful activity" as gambling, selling narcotics, bribery, extortion, arson, money laundering, and failure to keep certain financial records.  18 U.S.C. § 1952.  It is clear from the Second Amended Complaint that Plaintiffs have failed to allege any of the necessary unlawful activity and as a result the claim is futile.  Therefore, Plaintiffs are granted leave to file the Second Amended Complaint; however, Plaintiffs shall file the Second Amended Complaint without the allegation of a violation of the Travel Act.

---

[5]The Court shall address Plaintiffs aiding and abetting breach of fiduciary duties claim, Count VII, *infra*.

[6]The Court previously allowed Plaintiffs to affect service of the Summons and original and Amended Complaints upon Defendant Pickett within 60 days of the issuance of that Order in accordance with Rule 4(m).  In light of this determination, Plaintiffs would be required to serve the Second Amended Complaint upon Defendant Pickett as well.

IV.  Motion to Alter or Amend

A.  Defendant Bachner

Plaintiffs assert in their Motion to Alter or Amend that the Court committed clear legal error in determining Plaintiffs' First Amended Complaint failed to state any valid claim as to Defendant Bachner.  To the extent Plaintiffs argue legal error as to the common law fraud and negligent misrepresentation claims, Counts II and III, the Court finds it need not address these claims as Plaintiffs have been afforded another "bite at the apple."  To the extent Plaintiffs generally argue the Court erred in applying Michigan law in assessing Defendant Bachner's Motion to Dismiss, this argument is without support.  The Court's findings regarding the likelihood of the applicability of German law to the claims against Defendant Toyobo Japan were made *in dicta* in analyzing whether *forum non conveniens* was appropriate.  The Court finds no error in addressing Defendant Bachner's Motion to Dismiss based on American law where neither Defendant Bachner nor Plaintiffs had moved to apply German law pursuant to Federal Rule of Civil Procedure 44.1.  Further, the Court retains future discretion to determine the applicability of German law to issues as presented and argued to this Court.  It was not legal error to apply American law to the Motion to Dismiss; *ergo* this claim fails.

Plaintiffs also argue the Court committed legal error when it failed to address a possible "mandate relationship" pursuant to German law which would indicate Defendant Bachner owed Plaintiffs a fiduciary duty.  First, the Court must note Plaintiffs never alleged in their Amended Complaint, nor do Plaintiffs allege in their Second Amended Complaint, that Defendant Bachner (or Defendant Pickett) owed Plaintiffs a fiduciary duty.  (*See* Am. Compl. at ¶¶ 123-29.)  Rather, Plaintiffs asserted Second Chance Body Armor owed Plaintiffs a fiduciary duty and each Defendant,

including Defendant Bachner, aided and abetted Second Chance Body Armor in breaching those duties. (*Id*.) The Court finds there was no legal error. Plaintiffs advanced an alternative argument based on a German theory of law in a single paragraph, directed at different Defendants, and supported the argument by a single Sixth Circuit decision which merely recognized in a different context that "mandate relationships" exist in Germany.[7] Plaintiffs failed to offer the Court a reasonable argument based on German law, failed to direct their argument substantively at Defendant Bachner, and failed to cite or provide the Court with any German law or authority on the issue. Therefore, the Court finds this claim was properly dismissed as failing to state a claim. The Court further notes the dismissal of Defendant Bachner will be amended to reflect the dismissal is without prejudice and as a result, Plaintiffs may be allowed to address this argument again upon proper motion and the Court's discretion.

B.   *Forum non Conveniens*

Plaintiffs argue the Court committed clear legal error by not affording deference to Plaintiffs' choice of forum under the *forum non conveniens* analysis. This claim is without merit. Consistent with Sixth Circuit and Supreme Court law, this Court gave "less deference" to Plaintiffs' choice of forum for the reason Michigan is not Plaintiffs' home forum. (Op. at 5.) As recently as March 2007, the Supreme Court supported this rule in *Sinochem Int'l Co. v. Malayasian Int'l Shipping Corp.*, 127 S. Ct. 1184, 1191 (2007), stating "When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" *Id*., quoting *Piper Aircraft Co. v. Reyno*,

---

[7]Plaintiffs' German law argument was directed at Toyobo Japan and Toyobo America whom Plaintiffs alleged had breached a fiduciary duty, rather than Defendants Bachner or Pickett whom Plaintiffs only alleged had aided or abetted in that breach. (*See* Dkt. No. 81 at 13.)

454 U.S. 235, 255-56 (1981); *see also Stewart v. Dow Chem. Co.*, 865 F.2d 103, 106 (6th Cir. 1989). Despite clear precedent on this issue, Plaintiffs now argue without any case law support, the presence of a RICO claim mandates that the Court afford Plaintiffs' choice of forum the same level of deference a domestic plaintiff would be given. Plaintiffs rely on two international agreements to support the argument they deserve equal treatment; the Treaty of Friendship, Commerce and Navigation, 7 U.S.T. 1839 (Oct. 29, 1954) and the Paris Convention for the Protection of Industrial Property, 21 U.S.T. 1583 (Mar. 20, 1883).[8]

Plaintiffs' argument is not persuasive. First, the Supreme Court's procdure is clear and is disfavorable to Plaintiffs' chosen forum. Further, even if Plaintiffs were domestic, courts in this district have held domestic plaintiff's choice of forum is afforded less deference when he brings suit in a forum which is not his home forum. *See* 28 U.S.C. § 1404[9]; *Central States, S.E. & S.W. Areas Health & Welfare Fund v. Guar. Trust Life Ins. Co.*, 8 F. Supp. 2d 1008, 1010-11 (N.D. Ohio 1998) (collecting cases); *accord Nat'l Guardian Risk Rentention Group, Inc. v. Central Illiniois Emergency Physicians, LLP*, 2006 WL 1892529, at *2, 6 (W.D. Mich. July 10, 2006) (holding plaintiff entitled to less deference under § 1404 when suit not brought in home forum). Moreover, this Court engaged

---

[8]The Court notes Plaintiffs cited case law is off point as to the issues in this action and deals primarily with the establishment of federal jurisdiction, not a *forum non conveniens* inquiry regarding deference to plaintiff's choice of forum. *See Bonzel v. Pfizer, Inc.*, 439 F.3d 1358 (Fed. Cir. 2006) (examining aforementioned treaties in context of establishing federal jurisdiction, affirming a dismissal for lack of jurisdiction and in the alternative on *forum non conveniens* grounds despite Treaty of Peace, Friendship, Navigation and Commerce); *Farmanfarmaian v. Gulf Oil Corp.*, 588 F.3d 880, 882 (2nd Cir. 1978) (affirming *forum non conveniens* dismissal where a judge applied same standards as would apply if plaintiff were an American citizen.) As stated in *Bonzel*, "[t]he ruling that German courts are more suitable forum for this dispute . . . is not a denial of equal treatment." *Bonzel*, 439 F.3d at 1364.

[9]Section 1404(a) has replaced domestic *forum non conveniens*. *See Duha v. Agrium, Inc.*, 448 F.3d 867, 883-84 (6th Cir. 2006).

in the proper *forum non conveniens* analysis and rejected Plaintiffs' chosen forum only after evaluating the public and private factors pertinent under federal case law. Accordingly, Plaintiffs have failed to show any clear error in law.

Plaintiffs next argue the German law does not apply to its claims and the proper application of German Choice of Law changes the balances of public interest factors.[10] Plaintiffs assert under German Choice of Law the "place of acting or center of gravity" of the tort must be determined and because the Court failed to determine this, its conclusion that German law was likely to apply was clearly erroneous. (Mot. at 11.) As the Court noted in its Opinion, the application of German law in a tort case may be triggered by a determination that the case has the closest connection to Germany. (Op. at 11 n.5.) The Court analyzed the action and found it had such a connection – stated another way, the Court found that the "center of gravity" of the action was located in Germany. (*Id.*) Therefore, Plaintiffs' argument is without merit where the Court accurately applied German choice of law rules and held Plaintiffs' action had an overwhelming German connection.[11]

---

[10]Plaintiffs apparently agree with the Court's recitation of the applicable German law and the fact "the German States could demand that the law of Germany apply because that is where their injuries occurred." (Mot. at 11.) Plaintiffs, however, disagree with the Court's "overall assessment of the relevant acts" in determining that German law is likely to apply. (Grauke Dec. ¶ 10.)

[11]To the extent Plaintiffs argue the Court erroneously found Plaintiffs "wished" for German law to apply, the Court finds this argument presents no legal error. First, the Court recognized in its Opinion that "Plaintiffs resist the application of German law, it is unlikely Plaintiffs would elect to have German law . . . apply." (Op. at 11 n.5.) The Court also accurately cited to instances in the briefing where Plaintiffs relied on German law to counter arguments their claims failed to state a claim pursuant to American law. (*See* Dkt. No. 81, Resp. to Mot. to Dismiss based on U.S. Law.) Therefore, there was no legal error where the Court properly found that despite their opposition to Defendants' Motion to apply German law, Plaintiffs' wished to apply German law where it would save their claims from dismissal.

Plaintiffs further argue the Court erred in failing to give proper weight to the claims against Defendant Bachner in its *forum non conveniens* analysis. Again, Plaintiffs' argument fails under Rule 59(e). Plaintiffs argument does not point out any error in law but merely requests the Court reconsider this issue. *Sault Ste. Marie Tribe*, 146 F.3d at 374. There is no error where the Court recognized Defendant Bachner's presence in the litigation as a factor which weighed in favor of retention of the case and further determined in evaluating the record Defendant Bachner was made a defendant as an end around a bankruptcy proceeding against Second Chance Body Armor. The Court determined this one factor could not outweigh Germany's interest and Michigan's lack of interest in the action against Toyobo Japan. Accordingly, this claims fails.

To the extent Plaintiffs reassert their arguments regarding the efficiency of proceeding in one forum, these arguments also fail under Rule 59(e). Plaintiffs contend the Court failed to address their arguments supporting efficiency and a Michigan interest in the litigation. Plaintiffs assert efficiency could be achieved by a withdrawal of reference to a separate bankruptcy proceeding, and Michigan has an interest in this action because if Plaintiffs were successful, Michigan creditors would receive more money from Second Chance Body Armor in the separate bankruptcy proceeding. Plaintiffs have now cited to 11 U.S.C. § 157(d) and supplied a website which names Michigan creditors to support these arguments. Again, the Court finds it an attenuated claim which does not weigh in favor of retaining the action. It is clear that docket congestion is not to be relieved or efficiency achieved by merely combining extremely complex cases, taking on a bankruptcy proceeding and untangling German law. Further, specifying the names of Michigan creditors who may or may not receive more money from a separate bankruptcy proceeding against a non-party in this suit does not remedy or lend credibility to Plaintiffs' argument. Plaintiffs have again failed to

11

support this argument with any legal precedent or persuasive authority. Therefore, the claim fails under Rule 59(e).

C.      Stipulation of Dismissal

Plaintiffs argue the Court erred by allowing Toyobo Japan to alter the conditions of dismissal, specifically by stipulating it would submit to only a single action in Germany. Plaintiffs previously filed an objection to Toyobo Japan's agreement to accept conditions of dismissal based on this same argument. (*See* Dkt. No. 117.) The Court accepted Toyobo Japan's Stipulation and denied Plaintiffs' Objection finding that Defendant had not narrowed or substantively changed conditions set forth by the Court. (Dkt. No. 125.) The Court finds there is no error where it finds Toyobo Japan did not alter the conditions of dismissal and further Toyobo Japan has stated definitively in its Response to this Motion it will make itself "amenable to suit on these claims in Germany, whether brought in a single action by Bavaria and North Rhine-Westphalia or brought in a separate action by each." (Resp. at 10.) Therefore, Plaintiffs' claim fails.

V.      Conclusion

The Court holds that Plaintiffs' Motion to Reconsider and Motion to Amend their Complaint shall be granted. Further, Plaintiffs' Motion to Alter and Amend shall be granted to the extent Plaintiffs sought to amend their First Amended Complaint and alter this Court's Partial Judgment against Defendant Bachner to facilitate amendment. Relief as to all other arguments presented in Plaintiffs' Motion to Alter or Amend shall be denied.

DATED in Kalamazoo, MI:  
       June 11, 2007

      /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE